Ben A. Kaplan
**CHULSKY KAPLAN LLC**
280 Prospect Ave. 6G
Hackensack, NJ 07601
Phone: (877) 827-3395 ex 102
Cell Phone: (201) 803-6611
Fax: (877) 827-3394; (866) 596-4973
ben@chulskykaplanlaw.com
Attorneys for Plaintiff(s)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARILYN OLIVER, on behalf of herself and all others similarly situated, | Civil Case No.: |
| Plaintiff(s), | CIVIL ACTION |
| -against- | CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL |
| NATIONAL CREDIT AUDIT CORPORATION, and JOHN DOES 1-25, | |
| Defendant(s). | |

## I.  LOCAL CIVIL RULE 10.1 STATEMENT

1. The mailing addresses of the parties to this action are:

Marilyn Oliver
1308 Bradley Ct.
Princeton, NJ 08540-9547

National Credit Audit Corporation
1000 Alderman Drive,
# 71-N
Alpharetta, Georgia 30005-4101

## II. PRELIMINARY STATEMENT

2. Plaintiff, Marilyn Oliver, on behalf of herself and all others similarly situated ("Plaintiff") by and through her undersigned attorney, alleges that the Defendant, NATIONAL CREDIT AUDIT CORPORATION ("NCAC"), and JOHN DOES 1-25 their employees, agents, and successors (collectively "Defendants") violated 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair debt collection practices.

## III. JURISDICTION AND VENUE

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331. This is an action for violations of 15 U.S.C. § 1692 *et seq.*

4. Venue is proper in the District of New Jersey under 28 U.S.C. § 1391(b) and 15 U.S.C. § 1692k(d) because a substantial part of the events or omissions giving rise to the claim occurred in the District of New Jersey.

## IV. DEFINITIONS

5. As used in this complaint, the terms "creditor", "consumer", "debt", and "debt collector" are defined in 15 U.S.C. § 1692a.

## V. PARTIES

6. Plaintiff is a natural person, a resident of Mercer County, New Jersey and is a "consumer" as defined by 15 U.S.C. § 1692a(3).

7. NCAC maintains a location at 1000 Alderman Drive, #71-N, Alpharetta, Georgia 30005. Upon information and belief, NCAC is a subsidiary of LexisNexis Risk Solutions and part of the RELX Group.

8. Upon information and belief, NCAC uses the instrumentalities of interstate commerce or the mails, to engage in the principal business of collecting debt and or to regularly engage in the collection or attempt to collect debt asserted to be due or owed to another. Defendant is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692(a)(6).

9. John Does 1-25, are currently unknown Defendants whose identities will be obtained in discovery and at that time will be made parties to this action pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP"); Rule 15, Rule 20 and Rule 21. Plaintiff's claims against the currently unknown Defendants arise out of the same transaction, occurrence or series of transactions arising from known Defendant's (NCAC) actions and are due to common question(s) of law and fact whose joinder will promote litigation and judicial efficiency.

## VI.    CLASS ACTION ALLEGATIONS

10. Plaintiff brings this action as a state-wide class action, pursuant to Rule 23 of the FRCP, on behalf of herself and all New Jersey consumers and their successors in interest (the "Class"), who were sent debt collection letters and/or notices from the Defendant, in violation of the FDCPA, as described in this Complaint.

11. This Action is properly maintained as a class action because it satisfies the numerosity, commonality typicality and adequacy of representation; requirements of FRCP Rule 23.

12. The Class is initially defined as: all New Jersey consumers who were sent letters and/or notices from NCAC, concerning a debt:

    a. Which displayed the addressee's case, account and/or file number on or through the window of the envelope or which otherwise revealed the addressee's case, account and/or file number on or through the envelope.

    b. The Class period begins one year prior to the filing of this Action.

    c. This class definition may be subsequently modified or refined.

13. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

    a. <u>Numerosity:</u> Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who were sent debt collection letters and/or notices from the Defendant(s) that violate specific provisions of the FDCPA. Plaintiff is complaining about a standard form letter and/or notice that was sent to hundreds and/or thousands of persons (*See* **Exhibit A**). The undersigned has, in accordance with FRPC Rule 5.2. redacted the financial account numbers and/or personal identifiers in said letter.

    b. <u>Commonality:</u> There are questions of law and fact common to the class members which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

      i. Whether Defendant(s) violated various provisions of the FDCPA including but not limited to 15 U.S.C. § 1692f and 1692f(8).

      ii. Whether Plaintiff and the Class have been injured by the Defendant(s)' conduct

      iii. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution;

      iv. Whether Plaintiff and the Class are entitled to declaratory relief.

  c. <u>Typicality</u>: Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

  d. <u>Adequacy of Representation:</u> Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class. Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

14. A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates no unusual difficulties in the management of this class action.

15. A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of

herein. Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages and loss of privacy.

16. Defendant(s) have acted on grounds generally applicable to the entire Class, thereby making appropriate final relief with respect to the Class as a whole.

## VII. STATEMENT OF FACTS

17. Plaintiff is at all times to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

18. Sometime prior to April 16, 2018, Plaintiff allegedly incurred a financial obligation to SHERWOOD CROSSING ("SHERWOOD CROSSING").

19. The SHERWOOD CROSSING obligation arose out of a transaction, in which money, property, insurance or services, which is the subject of the transaction, was primarily for personal, family or household purposes.

20. The SHERWOOD CROSSING obligation did not arise out of a transaction that was for non-personal use.

21. The SHERWOOD CROSSING obligation did not arise out of a transaction that was for business use.

22. The SHERWOOD CROSSING obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

23. SHERWOOD CROSSING is a "creditor" as defined by 15 U.S.C. § 1692a(4).

24. On or about April 16, 2018, the SHERWOOD CROSSING obligation was placed with NCAC for the purpose of collection.

25. At the time the SHERWOOD CROSSING obligation was placed with NCAC, the balance was in default.

26. Defendants caused to be delivered to Plaintiff a letter dated April 16, 2018, which was addressed to Plaintiff and sought a balance of $4,108.63. A copy of said letter is annexed hereto as **Exhibit A**, which is fully incorporated herein by reference.

27. The April 16, 2018 letter was sent to the Plaintiff in connection with the attempted collection of the SHERWOOD CROSSING obligation.

28. The April 16, 2018 letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

29. The April 16, 2018 letter was sent or caused to be sent by persons employed by NCAC as a "debt collector" as defined by 15 U.S.C. § 1692a(6).

30. Upon receipt, Plaintiff read the April 16, 2018 letter.

31. The April 16, 2018 letter identified Plaintiff's case, account and/or file number with NCAC: XXX907-1 (redacted) (**Exhibit A**).

32. As part of NCAC's customary and usual practice, the April 16, 2018 letter was mailed in a window envelope.

33. The April 16, 2018 letter revealed Plaintiff's case, account and/or file number with NCAC: XXX907-1 (redacted) (Exhibit A).

34. The case, account and/or file number constitutes personal identifying information.

35. The case, account and/or file number is a piece of information that can identify the Plaintiff.

36. The account number is not meaningless - it is a piece of information capable of identifying [the consumer] as a debtor. And its disclosure has the potential to cause

harm to a consumer that the FDCPA was enacted to address. *Douglass v. Convergent Outsourcing*, 765 F. 3d 299 (3rd Cir. 2014).

37. Congress enacted the FDCPA in part to eliminate abusive debt collection practices by debt collectors.

38. Plaintiff and others similarly situated have a right to be free from abusive debt collection practices by debt collectors.

39. Plaintiff and others similarly situated have a right to receive proper notices mandated by the FDCPA.

40. Plaintiff and others similarly situated have a right to have their privacy protected.

41. Plaintiff and others similarly situated have suffered harm as a direct result of the abusive, deceptive and unfair collection practices described herein.

42. Plaintiff and others similarly situated have suffered damages and other harm as a direct result of Defendants actions, conduct, omissions and violations of the FDCPA described herein.

## VIII.  POLICIES AND PRACTICES COMPLAINED OF

43. It is NCAC's policy and practice to send written collection communications, in the form annexed hereto as **Exhibit A**, which violate the FDCPA, by *inter alia*:

    a. Using unfair or unconscionable means to collect or attempt to collect any debt; and

    b. Using language and/or symbols on or appearing through envelopes mailed to consumers that reveal information other than the debt collector's address.

44. On information and belief, NCAC sent and/or caused to be sent a written communication, in the form annexed hereto as **Exhibit A** to at least 50 natural persons in the State of New Jersey.

## COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *et seq.* VIOLATIONS

45. Plaintiff, on behalf of herself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

46. Section 1692f *et seq.* of the FDCPA prohibits a debt collector from using unfair or unconscionable means to collect or attempt to collect any debt.

47. NCAC violated 15 U.S.C. § 1692f by:

    a. using unfair and unconscionable collection practices in connection with the collection of a debt;

    b. using language and/or symbols on or which appeared through envelopes mailed to consumers that reveal information other than the debt collector's address, in violation of 15 U.S.C. § 1692f(8).

48. Defendants violated 15 U.S.C. §1692f(8) by displaying the addressee's case, account and/or file number through the window of the envelope or by revealing the addressee's case, account and/or file number on or through the envelope.

49. By reason thereof, NCAC is liable to Plaintiff for a declaratory judgment that Defendant's conduct violated 15 U.S.C. § 1692f(8), entitling Plaintiff and others similarly situated to actual damages, statutory damages, costs and attorneys' fees.

## IX. PRAYER FOR RELIEF

50. **WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

   a. Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and her attorneys as Class Counsel;

   b. Awarding Plaintiff and the Class statutory damages;

   c. Awarding Plaintiff and the Class actual damages;

   d. Awarding pre-judgment interest;

   e. Awarding post-judgment interest;

   f. Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses; and

   g. Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

## X. DEMAND FOR TRIAL BY JURY

51. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: June 1, 2018

Respectfully submitted,

By: */s/ Ben A. Kaplan*
Ben A. Kaplan, Esq. (NJ 0337712008)
CHULSKY KAPLAN, LLC
280 Prospect Avenue, 6G
Hackensack, New Jersey 07601
Phone (877) 827-3395 ex 102
Cell Phone: (201) 803-6611
Fax: (877) 827-3394; (866) 596-4973
ben@chulskykaplanlaw.com
Attorneys for Plaintiff

## XI. LOCAL RULE 11.2 CERTIFICATION

52. I, hereby certify that the matter in controversy is not the subject of any other court, arbitration or administrative proceeding.

Dated: June 1, 2018

/s/ *Ben A. Kaplan*
Ben A. Kaplan, Esq. (NJ 0337712008)
CHULSKY KAPLAN, LLC
280 Prospect Avenue, 6G
Hackensack, New Jersey 07601
Phone (877) 827-3395 ex 102
Cell Phone: (201) 803-6611
Fax: (877) 827-3394; (866) 596-4973
ben@chulskykaplanlaw.com
Attorneys for Plaintiff

# EXHIBIT A

EXHIBIT A

# National Credit Audit Corporation

PO Box 515489
Dallas TX 75251-5489

Phone: (800) 779-4894
Fax: (469) 621-0468

Creditor: Sherwood Crossing
Case #: ████907-1
Amount Due: $4108.63



AMERICAN COLLECTORS
association member

## NOTICE OF PLACEMENT

Dear Marilyn Oliver,

The above referenced account has been placed with this firm for collection.

National Credit Audit Corporation (NCAC) is a collection agency attempting to collect a debt and any information obtained will be used for that purpose. We realize the amount due could be an oversight on your part and not a willful disregard of an apparent obligation.

Unless you, within 30 days after receipt of this notice, dispute the validity of the debt, or any portion thereof, the debt will be assumed to be valid by NCAC. If you notify NCAC in writing within the 30-day period that the debt, or any portion thereof, is disputed, NCAC will obtain verification of the debt and have such verification mailed to you. Upon written request within the 30-day period, NCAC will provide you with the name and address of the original creditor, if different from the current creditor. Requests should be mailed to NCAC, PO Box 515489, Dallas TX 75251-5489.

NCAC can accept payment by personal check or money order made payable to National Credit Audit Corporation (NCAC), check-by-phone, Western Union and credit and debit cards. Please use the payment coupon below to insure proper payment application.

NCAC office hours are 8AM to 5PM CST Monday through Friday.



Checks by telephone,
please call for details.
(800) 779-4894

WESTERN UNION | QUICK COLLECT

CCTREDA011

\*\*\* Make Your Check Payable to NCAC and Mail to the Address Listed —
To Pay By Credit Card, Fill In The Information Below And Return in the Enclosed Envelope \*\*\*

CTREDA01
PO Box 1280
Oaks PA 19456-1280
ADDRESS SERVICE REQUESTED

Account Number / Exp Date
$
Card Holder Name / Pmt Amt
Signature of Card Holder / Date

Send All Payments To:

April 16, 2018

National Credit Audit Corporation
PO Box 742593
Atlanta GA 30374-2593

████907-1-1    703481215

Marilyn Oliver
1308 Bradley Ct
Princeton NJ 08540-9547

Creditor: Sherwood Crossing
Case #: ████907-1
Amount Due: $4108.63

Please do not pursue this claim I am enclosing $ _____

JS 44 (Rev. 07/16)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
MARILYN OLIVER, individually and on behalf of all others similarly situaated

## DEFENDANTS
NATIONAL CREDIT AUDIT CORPORATION

**(b)** County of Residence of First Listed Plaintiff: Mercer County, N.J.
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, Email and Telephone Number)*
Chulsky Kaplan LLC
280 Prospect Ave. 6G
Hackensack, NJ 07601

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**
PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**PRISONER PETITIONS**
Habeas Corpus:
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty
Other:
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☒ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District (specify)
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
15 USC 1692

Brief description of cause:
FDCPA vilation

## VII. REQUESTED IN COMPLAINT:
☒ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE: 06/01/2018

SIGNATURE OF ATTORNEY OF RECORD: /s/ Ben Kaplan

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____